1   Robert S. Niemann, SBN 87973
    niemann@khlaw.com
2   Christopher Van Gundy, SBN 152359
    vangundy@khlaw.com
3   **KELLER AND HECKMAN LLP**
    Three Embarcadero Center, Suite 1420
4   San Francisco, CA 94111
    Telephone: 415-948-2831
5
6   Attorneys for Defendant CLIF BAR & COMPANY

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   JAMIE JOSLIN and COURTNEY DAVIS, on          Case No. 4:18-cv-04941-JSW
    behalf of themselves and others similarly situated,
10                                                **DEFENDANT CLIF BAR & COMPANY'S**
            Plaintiffs,                           **NOTICE OF MOTION, MOTION TO**
11                                                **DISMISS COMPLAINT, AND**
    vs.                                           **MEMORANDUM OF POINTS AND**
12                                                **AUTHORITIES**
    CLIF BAR & COMPANY,
13                                                [Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6)]
            Defendant.
14                                                Judge:         Honorable Jeffrey S. White
                                                  Courtroom:     5 (Oakland Division)
15                                                Hearing Date:  December 21, 2018
                                                  Hearing Time:  9:00 a.m.
16                                                Action Filed:  August 14, 2018
                                                  Trial Date:    TBD
17

18

19         TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR

20   ATTORNEYS OF RECORD:

21         NOTICE IS HEREBY GIVEN that, on Friday, December 21, 2018 at 9:00 a.m., or as soon

22   thereafter as counsel may be heard by the Honorable Jeffrey S. White, in Courtroom 5 of the above-titled

23   Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Clif Bar & Company ("Clif Bar")

24   will, and hereby does, move the Court for an order dismissing, without leave to amend, the Complaint

25   (or those portions of the Complaint that fail to state a claim upon which relief may be granted), filed by

26   Plaintiffs Jamie Joslin and Courtney Davis ("Plaintiffs").

27    ///

28   ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; all the pleadings and papers on file in this action; and upon such oral argument and other matters as may be presented to the Court at the time of the hearing.


Dated:  November 13, 2018                                    KELLER AND HECKMAN, LLP


By:     */s/ Christopher Van Gundy*
        Christopher Van Gundy
        Attorneys for Defendant
        Clif Bar & Company

DEFENDANT CLIF BAR & COMPANY'S NOTICE OF MOTION, MOTION TO DISMISS COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.  SUMMARY OF ARGUMENT ............................................................................................ iv

II.  INTRODUCTION ........................................................................................................... 1

III.  STATEMENT OF FACTS ............................................................................................. 2

   a.  The Challenged Products .......................................................................................... 2

   b.  Plaintiffs' Claims ...................................................................................................... 3

IV.  ARGUMENT ................................................................................................................. 5

   a.  The Complaint Must Be Dismissed Under Rule 12(b)(6) ......................................... 5

     i.  Plaintiffs' Claims Fail Under the "Reasonable Consumer" Standard ...................... 7

     ii.  White Chocolate's "Standard of Identity" Has No Bearing on the Truthfulness of the Products' Labels ......................................................................................................... 10

     iii.  Plaintiffs' Claims Sounding In Fraud Fail To Establish the Elements of Fraud. .......... 11

   b.  Plaintiffs' Claims for Injunctive Relief Must Be Dismissed For The Additional Reason That The Court Lacks Subject Matter Jurisdiction Over Them. .......................................... 13

V.  CONCLUSION ........................................................................................................... 15

DEFENDANT CLIF BAR & COMPANY'S NOTICE OF MOTION, MOTION TO DISMISS COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES

1

## **TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

*Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474, 66 Cal. Rptr. 2d 512 (1997).....................11

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...........................................................................................5

5

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)......................................................5

6

*Barnum Time Co. v. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011)...........................................14

7

*Bell v. Twombly*, 550 U.S. 544, 570 (2007) ...........................................................................................5, 6

8

*Brown v. Danone N. Am., LLC,* 2018 U.S. Dist. LEXIS 74692, *13 (N.D. Cal. May 1, 2008)...........12, 13

9

*Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x. 113, 115 (9th Cir. 2012) ......................... iv, 10

10

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)............................................. iv, 14

11

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1355 (Cal. Ct. App. 2010) ....................................13

12

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) ...........................................................................7

13

*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)..............................................................................5

14

*Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)..............................................................7, 10

15

*Hairston v. S. Beach Beverage Co.*, 2012 U.S. Dist. LEXIS 74279, *11 (C.D. Cal. May 18, 2012).....7, 10

16

*Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999)......................................................14

17

*In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013)...........................................5

18

*Kane v. Chobani, Inc.*, 2013 U.S. Dist. LEXIS 134385, *19-20 (N.D. Cal. July 12, 2013) ........... iv, 6, 12

19

*Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014) ......................................................5

20

*Kane v. Chobani, LLC*, 645 Fed. Appx. 593 (9th Cir. 2016).....................................................................6

21

*Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 326 (2011) ................................................................12

22

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (Cal. Ct. App. 2003)...................................7

23

*Leonhart v. Nature's Path Foods Inc.*, 2014 U.S. Dist. LEXIS 46413, at *26 (N.D. Cal. Mar. 31, 2014)11

24

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) ........................................................13, 14, 15

25

*Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ...................................................................5

26

*McKinniss v. Sunny Delight Bevs. Co.*, 2007 U.S. Dist. LEXIS 96108 (C.D. Cal. Sept. 4, 2017)......... iv, 9

27

*San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)...................................14

28

*Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)...........................................................................6

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ..........................................................................6

*Twombly*, 550 U.S. at 558 ...................................................................................................................6

*Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) .....................................................6

*Videtto v. Kellogg USA*, 2009 U.S. Dist. LEXIS 43114, *8 (E.D. Cal. May 20, 2009) .....................9, 12

*Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 892 n.38 (C.D. Cal. 2013) ...............................9

*Walker v. ConAgra Foods, Inc.*, 2016 U.S. Dist. LEXIS 188326, *3 (N.D. Cal. Mar. 23, 2016)...............5

*Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)...................................................................................13

*Werbel v. Pepsico, Inc.*, 2010 U.S. Dist. LEXIS 76289, *13 (N.D. Cal. July 2, 2010).................. iv, 11,1 2

*Wilson v. Frito-Lay North America, Inc.*, 961 F. Supp. 2d 1134, 1145 (N.D. Cal. Oct. 24, 2013)............11

Statutes

Cal. Business & Professions Code Section 17200, *et seq.*...........................................................3, 6

Cal. Business & Professions Code Section 17500, *et seq.*...........................................................3, 6

Cal. Civ. Code Section 1750................................................................................................................6

Cal. Civ. Code Section 1770 *et seq.*....................................................................................................3

Fed. R. Civ. P. 9(b) ................................................................................................................... iv, 6, 11

Federal Rule of Civil Procedure ("Rule") 12(b)(6) ............................................................................5

Rule 12(b)(1)....................................................................................................................................5, 13

Regulations

21 C.F.R. § 101.22(i) .................................................................................................................... iv, 8

21 C.F.R. 163.124 ...........................................................................................................................3, 4

DEFENDANT CLIF BAR & COMPANY'S NOTICE OF MOTION, MOTION TO DISMISS COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES

## I.     SUMMARY OF ARGUMENT

*First*, Plaintiffs' claims are not plausible because a reasonable consumer would not be misled by the Products' labels, which explicitly disclose that the "white chocolate" taste in the Products is merely a "natural flavor" and not an ingredient other than flavor as Plaintiffs allege.  *See* Compl., Ex. A. U.S. Food and Drug Administration regulations in fact *require* food manufacturers to identify a product's characterizing "flavor" as part of the product name if the specified taste is due to the flavor and not due to an ingredient other than the flavor.  *See* 21 C.F.R. § 101.22(i)(1)(i).  Based on these regulations, reasonable consumers have come to expect, as here, that the characterizing "flavor" of the product as communicated in the product name would come from an added flavor rather than from another ingredient.  *McKinniss v. Sunny Delight Bevs. Co.*, 2007 U.S. Dist. LEXIS 96108 (C.D. Cal. Sept. 4, 2017); *see also Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x. 113, 115 (9th Cir. 2012).

*Second*, Plaintiffs' claims sound in fraud, but they have failed to plead with particularity "the circumstances constituting fraud," [Fed. R. Civ. P. 9(b)], including an affirmative misrepresentation or omission [*Werbel v. Pepsico, Inc.*, 2010 U.S. Dist. LEXIS 76289, *13 (N.D. Cal. July 2, 2010)], as well as "actual reliance."  *Kane v. Chobani, Inc.*, 2013 U.S. Dist. LEXIS 98752, *19-20 (N.D. Cal. July 12, 2013).  While Plaintiffs claim that "White Chocolate/Macadamia Nut/Natural Flavor" or "White Chocolate/Macadamia/Natural Flavor" mean the Products contain "real" white chocolate (Compl., ¶¶ 2-3), the Product labels indicate that the white chocolate taste is from a "Natural Flavor" in the Products. *See* Compl., Ex. A. Clif Bar also accurately lists the ingredients in each of the Products, which include "natural flavors," but not "white chocolate." *See* Compl., Ex. B. Plaintiffs' fraud claims fail because they have not alleged an actionable misrepresentation, or actual reliance on any such misrepresentation.

*Third*, the Court lacks subject matter jurisdiction over Plaintiffs' claims for injunctive relief due to Plaintiffs' lack of standing for such prospective relief.  Plaintiffs have failed to allege, among other things, that they intend to purchase the Products in the future.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970-71 (9th Cir. 2018).  Moreover, given that Plaintiffs now know that the white chocolate taste is from a "flavor" and not from an ingredient other than flavor, and the Products' ingredient statements correctly disclose that the Products lack all of the required components of "real" white chocolate, injunctive relief is not warranted.

DEFENDANT CLIF BAR & COMPANY'S NOTICE OF MOTION, MOTION TO DISMISS COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.    INTRODUCTION

This action is a variant of "there is no fruit in Froot Loops" line of cases: Defendant Clif Bar & Company ("Clif Bar") allegedly deceived Plaintiffs into buying certain of its rolled oats nutrition and energy bars labeled "White Chocolate/Macadamia Nut/Natural Flavor" (Clif Bar) or "White Chocolate/Macadamia/Natural Flavor" (Luna bar) because Plaintiffs thought – implausibly – that there was "real white chocolate" in the products instead of the *flavor* of white chocolate.  Complaint ("Compl."), ¶¶ 1, 2, 3.  However, the only deception involved here is Plaintiffs' glaring failure to mention anywhere in the Complaint that the challenged products clearly provide on their front labels the phrase "Natural Flavor" directly under, or adjacent to, the label statements "White Chocolate/Macadamia Nut" or "White Chocolate/Macadamia," as the photographs to the Complaint attest.  *See* Compl., Exhs. A, B.  For over forty years, FDA regulations have provided, and every reasonable consumer has known, that "flavor" means that the actual ingredient does *not* need to be in the product.

Plaintiffs' claims for relief therefore all fail as a matter of law and respectfully must be dismissed with prejudice because no reasonable consumer would expect that a product labeled as "white chocolate" and "natural flavor" would have to contain any "real white chocolate," in Plaintiffs' words [Compl., ¶ 3], as opposed to white chocolate *flavor*.  Nowhere in the Complaint do Plaintiffs mention "Natural Flavor," or otherwise attempt to weave that inconvenient but critical fact into their own web of deception.  The challenged products are one of many flavor varieties of the Clif Bar and Luna rolled oats nutrition and sustained energy bars – this case does not involve, and Plaintiffs have not pled, that a chocolate bar purportedly made of "real" white chocolate, or a bar with "real" white chocolate chips, is at issue.

In the Complaint, Plaintiffs wax at some length about the U.S. Food and Drug Administration ("FDA") regulation that sets forth a "standard of identity" for white chocolate, but that regulation is irrelevant to the products in question which clearly state, as part of the product name, that the white chocolate "characterizing" taste is from added flavor.  In the process, Plaintiffs overlook another FDA regulation that, as the FDA and courts in this Circuit recognize, makes a clear distinction between a product's "characterizing flavor" and a "characterizing ingredient."  Under this regulation in effect for decades, no reasonable consumer would expect that a product named as having a particular

characterizing flavor must "contain" an ingredient to provide the characterizing taste.  Also, if any self-appointed guardian of FDA standard of identity regulations had bothered to review the ingredient statement, of course that person would not have been deceived because "real" white chocolate is not listed.

The sole purpose of the flavor labeling regulations is to establish comprehensive requirements for the accurate communication, as part of the product name, of flavoring used in products when the charactering taste is not due to the use of an ingredient other than flavor.  Plaintiffs' position is non-sensical –any food labeled as "flavored" must derive its characterizing taste from an ingredient and not from an added flavor.  Under this theory, many products in the marketplace that have been properly labeled as flavored for decades, consistent with FDA's flavoring labeling regulation, would have to be reformulated to add a characterizing ingredient other than flavor.  This gives new meaning to the term "food police."

Plaintiffs' claims therefore do not pass the red face test and the Complaint accordingly should be dismissed on several legal grounds.  *First*, Plaintiffs' theory of deception is not plausible under the applicable "reasonable consumer" standard.  Given the "Natural Flavor" label statement, a reasonable consumer would understand that the "white chocolate" taste was from a flavor and not from an ingredient other than flavor, as the ingredient statement confirms.  *Second*, for similar reasons, Plaintiffs' claims sound in fraud and fail for lack of the requisite pleading specificity because fraud requires an affirmative misrepresentation or omission and reliance.  Clif Bar never represented that the challenged products contained "real" white chocolate and Plaintiffs could not have relied on such a representation.  *Third*, Plaintiffs are not entitled to injunctive relief.  Not only have they failed to allege their intent to purchase the Products in the future, but they cannot claim deception at some future time because they cannot help but know that the white chocolate taste is there from a flavor and not from an ingredient other than flavor.

## III.    STATEMENT OF FACTS

### a.  The Challenged Products

Clif Bar produces, distributes, and markets "nutrition" or "energy" bars in a variety of different flavors, including the "Clif Bar® Energy Bar: White Chocolate Macadamia Nut" bar (the "Clif Bar product") and the "Luna® Whole Nutrition Bar: White Chocolate Macadamia" bar at issue here (the "Luna bar product") (sometimes collectively the "Products").  Compl., ¶ 1.  The phrase "Natural Flavor" is either under "White Chocolate/Macadamia Nut" statement in the case of the Clif Bar product, and is

immediately adjacent, and to the right of, "White Chocolate/Macadamia" statement of the Luna product. Compl., Exhs. A and B. Moreover, as the ingredient statements of both Products show, the bars consist primarily of brown rice syrup and rolled oats, and contain "natural flavors." *Id*.

Plaintiffs cannot and do not allege that either bar is a white chocolate bar, or that the labels of either Product represent that white chocolate chips are found in the bars, or that the bars do not have the taste of "white chocolate macadamia nut." There is no term "real" on either Product packaging, either in connection with "white chocolate" or otherwise. Compl., Exhs. A and B. The ingredient statements of both Products reveal that in addition to "natural flavors," the Products contain cocoa butter, a type of cacao fat that is just one of the mandatory ingredients in the FDA "standard of identity" for white chocolate cited by Plaintiffs. Compl., Exhs. A, B and ¶ 18, *citing* 21 C.F.R. 163.124.

### b. Plaintiffs' Claims

On August 14, 2018, Plaintiffs Jamie Joslin ("Joslin") and Courtney Davis ("Davis") (collectively, "Plaintiffs") filed the Complaint alleging violations of California's consumer protection statutes, including California's Consumer Legal Remedies Act, Cal. Civ. Code Section 1770 *et seq.* ("CLRA"), the "unlawful," "unfair" and "fraudulent" prongs of California's Unfair Competition Law ("UCL"), Cal. Business & Professions Code Section 17200, *et seq.,* and California's False Advertising Law ("FAL"), Cal. Business & Professions Code Section 17500, *et seq*. Plaintiff Davis, on behalf of a New York Class, additionally brings claims under New York General Business Law Section 349 and New York General Business Law Sections 350 and 350-a(1). Both Plaintiffs also assert a claim for relief for common law fraud, based on "intentional[] . . . materially false and misleading claims through its representations that the Products contain white chocolate" [Compl. ¶ 108], and "omissions" that the Products "do not contain white chocolate." Compl., ¶ 109.

Clif Bar allegedly engages in "deceptive and otherwise improper business practices" "with respect to the labeling of their Clif Bar® White Chocolate Macadamia Nut Bar and Luna® White Chocolate Macadamia Bar" products [Compl., ¶ 1] by misleading consumers into "believing that the bars *contain* white chocolate, when they in fact do not." Compl., ¶ 2 (emphasis supplied). Despite the "Natural Flavor" qualification of "White Chocolate" on the challenged products, Plaintiffs allege that when purchasing the products in question, they "reasonably relied in substantial part on the representations that they *contain*

*real* [emphasis supplied] white chocolate" and were therefore "deceived into purchasing a more inferior product than they had bargained for." Compl., ¶¶ 3.  The term "real" does not appear anywhere on the Products' packaging, and both Products' names include the term "Natural Flavor."

For Plaintiff Joslin's part, she claims that "[t]he phrase 'White Chocolate'" in the label statement "White Chocolate Macadamia" on the Luna bar product she purchased "***explicitly represent[ed]*** that the Product contains white chocolate, but in fact it contains inferior confectionary ingredients that are not white chocolate at all."  Compl., ¶ 13 (emphasis added).  Plaintiff Davis, on the other hand, contends that "[t]he phrase 'White Chocolate Macadamia Nut'" on the Clif Bar product she purchased "***implicitly promises*** to consumers that the Product contains white chocolate when it in fact does not." Compl. ¶ 14.

Plaintiffs, however, do not explain how or why the Luna bar product label sets forth "explicit[] represent[ations]" of "real white chocolate," while the Clif Bar product label served up only an "implicit[] promise[]," where both Product labels state "Natural Flavor," and the only difference seems to be the omission of the term "Nut" on the Luna  bar product.

Plaintiffs further allege that the "Products are misbranded" because they were not in strict compliance with the so-called "standard of identity" for white chocolate – what Plaintiffs call "real white chocolate" – specifically because they do not contain at least 3.5% milkfat.  Compl. ¶¶ 18-19, *citing* 21 C.F.R. § 163.124.  According to Plaintiffs, "the presence of milkfat and other dairy products is much of what gives white chocolate its value in the eyes of reasonable consumers." Compl. ¶ 33.  According to the ingredient statement of both Products, both Products contain "cocoa butter," that is, a type of cacao fat, the first ingredient referenced in the FDA standard of identity quoted by Plaintiffs in the Complaint.  Compl., Exh. B.

Plaintiffs contend that they are entitled to damages because they were denied the benefit of their bargain and "received an inferior Product than what was represented to them by [Clif Bar]."  Compl., at ¶ 34.  In addition to damages, Plaintiffs seek injunctive relief based on the notion that "should [they] encounter the Product in the future, [they] could not rely on the truthfulness of the packaging, absent corrective changes to the packaging." Compl., ¶¶ 13-14.  Plaintiffs do not, however, allege that they intend to purchase the Products again in the future or how they would be unable in the future to rely on the Products' labels given that "white chocolate" is not listed in the ingredient statement of either Product.

# IV.    ARGUMENT

A complaint may be dismissed for a plaintiff's failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), or for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 12(b)(1) requires dismissal of claims when a plaintiff lacks constitutional standing.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  As set forth below, the Complaint fails independently under both Rules 12(b)(6) and 12(b)(1) based on Plaintiff's failure to state a claim under which relief may be granted and on lack of standing to seek injunctive relief.

## a.  The Complaint Must Be Dismissed Under Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678-79. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Walker v. ConAgra Foods, Inc.*, 2016 U.S. Dist. LEXIS 188326, *3 (N.D. Cal. Mar. 23, 2016) (White, J.), *citing Twombly*, 550 U.S. at 555.

If a claim is merely possible, rather than plausible, it will be subject to a motion to dismiss.  *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013).  Although the Court on a motion to dismiss must assume all **facts** pled by a plaintiff as true, a court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).  Moreover, in reviewing the sufficiency of a complaint, the court must "draw on its judicial experience *and common sense*."  *Iqbal*, 556 U.S. at 678 (emphasis supplied).

Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss," and "a plaintiff may plead himself out of court" with facts, including those incorporated into the complaint by reference, "which establish that [the plaintiff] cannot prevail on his . . . claim." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014), *vacated on other*

*grounds*, *Kane v. Chobani, LLC*, 645 Fed. Appx. 593 (9th Cir. 2016) ("*Chobani II*"). This analysis provides a critical gatekeeping function, because claims must be sufficiently plausible "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Twombly*, 550 U.S. at 558 ("some threshold of plausibility must be crossed at the outset before a [consumer class action] case should be permitted to go into its inevitably costly and protracted discovery phase").

In addition to plausibility, common law fraud claims and consumer-protection claims that sound in fraud, as Plaintiffs' claims do, are subject to the heightened pleading requirements of Rule 9(b), which requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (where a claim is . . . "grounded in fraud or to sound in fraud, the pleading of that claim as a whole must satisfy the particularity requirements of Rule 9(b)."). Those requirements provide that "a party must state with particularity the circumstances constituting fraud or mistake" and must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

A claim is said to "sound in fraud," "[e]ven if 'fraud is not a necessary element of a particular claim,'" where "the plaintiff has 'allege[d] a unified course of fraudulent conduct and rel[ied] entirely on that course of conduct as the basis of [the] claim.'" *Kane v. Chobani, Inc.*, 2013 U.S. Dist. LEXIS 134385, *19-20 (N.D. Cal. July 12, 2013) ("*Chobani I*"), *citing Vess*, 317 F.3d at 1103. Here, Plaintiffs bring claims under several California consumer protection statutes – Cal. Bus. & Prof. Code Sections 17200 and 17500, *et seq.*, and Cal. Civ. Code Section 1750, *et seq.* Each of these claims for relief are based upon the same underlying allegations that Clif Bar "purposely" [Compl., ¶ 6] and "systematic[ally]" [Compl., ¶ 32] made "deceptive and misleading claims" [Compl., ¶¶ 32] and engaged in "deceptive" conduct [Compl., ¶ 1] in the labeling of the Products in order to "deceive" [Compl., ¶ 8] and "mislead consumers into believing that the bars contain white chocolate, when they in fact do not." Compl., ¶¶ 2, 17. These claims are based upon "a unified course" of fraudulent and deceitful conduct and accordingly "sound in fraud." *See Chobani I*, 2013 U.S. Dist. LEXIS 134385, *64 (finding claims that were based on allegations that the defendant's "representations on its labeling and in its advertising were 'misleading and deceptive,' [] 'untrue,' []

'misrepresented' the truth, [], and 'constitut[ed]... fraud,'" sounded in fraud and were subject to heightened pleading requirements).

Under these standards, as set forth below, Plaintiffs have not and cannot state a claim for relief.

### i.   Plaintiffs' Claims Fail Under the "Reasonable Consumer" Standard

The state consumer protection laws alleged here share a common requirement: to state a claim for relief, a plaintiff must allege conduct that plausibly could deceive a reasonable consumer.  In particular, to state a claim under California's consumer protection statutes, the CLRA, UCL, and FAL, Plaintiffs must show that "members of the public are likely to be deceived."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (no deception where consumer could see that 25% of the lip balm is left in tube).  Likewise, under New York consumer protection law, "Plaintiffs must establish that [Clif Bar's] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

This so-called "reasonable consumer" standard requires "more than a mere possibility that [a label] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the [label] is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (Cal. Ct. App. 2003). The "reasonable consumer" is not the "least sophisticated consumer" or an "unwary customer": "[r]ather, California courts consistently have looked to the ordinary consumer within the larger population." *Id.* at 505-06, 510. "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Hairston v. S. Beach Beverage Co.*, 2012 U.S. Dist. LEXIS 74279, *11 (C.D. Cal. May 18, 2012) (dismissing claims that the label "all natural" on flavored water was misleading because it contained processed ingredients where the label did not "simply state that it is 'all natural' without elaboration or explanation . . . the 'all natural' language is immediately followed by the additional statement 'with vitamins' or 'with B vitamins.'" ).

### 1.   It is simply implausible that a reasonable consumer would expect FDA standard of identity white chocolate to be present as an ingredient in these Products.

It   is   not   only   implausible,   but   incredible,   that   Plaintiffs   could   read   "White

Chocolate/Macadamia/Natural Flavor" or "White Chocolate/Macadamia Nut/Natural Flavor" and believe that there is FDA standard of identity white chocolate in the product as an ingredient. Reasonable consumers understand and expect that a characterizing taste from "flavor," as stated on a label as part of the product name, does not have to be due to the presence of an ingredient in the product other than flavor. For over four decades, the FDA has permitted a product's label – by word, vignette, or design – to make a representation with respect to a primary recognizable taste, deemed to be characterizing, without the inclusion of the derivative ingredient. 21 C.F.R. § 101.22(i).

Under these long-standing regulations, manufacturers have had the option either to use an *ingredient* (other than flavor) in a sufficient amount that provides a characterizing taste with no reference to "flavor" as part of the product name, _**or,**_ to achieve a characterizing taste through the addition of ***flavor(s)*** without the need to include the actual characterizing ingredient, by disclosing that fact as part of the product name. 21 C.F.R. § 101.22(i). If, for example, a food contains no ingredient which provides the characterizing taste, or contains an insufficient amount of such ingredient to "independently characterize" the taste of the food without the addition of added flavor, the product name *must* include the term "flavor" (or "natural flavor/naturally flavored," if applicable), such as "vanilla pudding natural flavor" if the vanilla taste was due to added flavor rather than to the addition of vanilla beans. 21 C.F.R. § 101.22(i)(1)(i). The reference to a characterizing "flavor" as part of a product name thus permits manufacturers to communicate the taste(s) of a product, and also to inform consumers that the taste is due to the addition of flavor. *See* 21 C.F.R. § 101.22(i). In fact, the reference in the product name to a characterizing flavor, for foods such as the Products, is required by FDA, and manufacturers would be in violation of FDA requirements by not stating that the food is flavored as part of the product name.

Given these well-established regulations, "flavor," as part of the product name, has long-been understood by consumers as providing the characterizing taste from added flavors, rather than from an ingredient other than flavor. As Plaintiffs themselves plead and concede in the Complaint, "consumers rely on [FDA] regulations to assure that they are purchasing what they are led to believe they are purchasing." Compl., ¶ 29. Here, there is but one reasonable conclusion – that reasonable consumers were aware that they were purchasing flavored Products with the flavor profile of "white chocolate macadamia nut" because FDA regulations do not require the actual presence of standard of identity white chocolate in the

Products given that they are labeled as flavored in connection with the product name.

In the absence of any reference to added flavor, a reasonable consumer would assume that "vanilla" pudding contains a "real" vanilla ingredient, such as vanilla beans, to provide the characterizing vanilla taste. But where "vanilla" is described as a "flavor," as courts have recognized, a reasonable consumer understands that the product does not contain significant amounts of "real" vanilla but has the taste of vanilla through either natural or artificial additives. *See McKinniss v. Sunny Delight Bevs. Co*., 2007 U.S. Dist. LEXIS 96108, *11-12 (C.D. Cal. Sept. 4, 2007) ("no reasonable consumer, upon review of the label as a whole . . . would conclude that Defendant's products contain significant quantities of fruit or fruit juice, particularly when the label identifies the product as fruit 'flavored' and indicates the exact fruit content of each product"); *Videtto v. Kellogg USA*, 2009 U.S. Dist. LEXIS 43114, *8 (E.D. Cal. May 20, 2009) (finding it "entirely unlikely that members of the public would be deceived" into thinking a cereal contains real fruit where, among other things, the packaging included "a small banner stating 'natural fruit flavors'").

The "white chocolate macadamia nut natural flavor" product identity statements alleged to be deceptive here are consistent with the flavor labeling regulations *and* with the ingredient statements, which clearly and accurately do not list "white chocolate" as an ingredient, and do not list all of the FDA-mandated ingredients of standard of identity "white chocolate" separately. Where, as here, "a product's front label is accurate and consistent with the statement of ingredients, courts routinely hold that no reasonable consumer could be misled by the label, because a review of the statement of ingredients makes the composition of the food or drink clear." *Viggiano v. Hansen Natural Corp*., 944 F. Supp. 2d 877, 892 n.38 (C.D. Cal. 2013) (finding that, under the "reasonable consumer" standard, dismissal would be appropriate where "the label 'all natural flavors' is consistent with the statement of ingredients on the soda can; as discussed, 'flavors' is distinct from 'ingredients,' and [the plaintiff] has identified no artificial flavors in the drink").

## 2. No reasonable consumer would ignore the "Natural Flavor" qualifier or interpret it to mean that white chocolate is present as an ingredient

Plaintiffs attempt to skirt these undisputable facts by completely ignoring the phrase "Natural Flavor" appearing directly underneath, or adjacent to, the "white chocolate macadamia (nut)" statement of the challenged products. This is fatal as Plaintiffs' "selective interpretation of individual words or phrases

from a product's labeling cannot support a CLRA, FAL, or UCL claim." *Hairston, supra,* 2012 U.S. Dist. LEXIS 74279, *12; *see also Fink*, 714 F.3d at 742 ("[a] plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment."). As in *Fink* and *Hairston*, Plaintiffs here cannot claim deception by ignoring the "Natural Flavor" qualifier to the supposedly misleading "white chocolate" language. *See also Carrea v. Dreyer's Grand Ice Cream, Inc.,* 475 F. App'x. 113, 115 (9th Cir. 2012) (affirming dismissal and holding that "no reasonable consumer is likely to think that 'Original Vanilla' refers to a natural ingredient when that term is adjacent to the phrase, 'Artificially Flavored'").

### ii.   White Chocolate's "Standard of Identity" Has No Bearing on the Truthfulness of the Products' Labels

As the sole basis for why the representations of "white chocolate" on the Products' labels were false and misleading, Plaintiffs point to the FDA definition or so-called "standard of identity" of white chocolate: "a confection that contains cocoa butter, dairy ingredients, and a sweetener." Compl., ⁋ 18. According to Plaintiffs, because the Products did not contain the ingredients necessary to constitute "real" white chocolate, including "at least 3.5% milkfat" [Compl., ⁋ 19], they were misbranded [Compl., ⁋ 21]. Plaintiffs do not, however, explain how this standard of identity for actual white chocolate applies to white chocolate "flavored" products.

Plaintiffs' claims of deception based on the fact that the challenged products do not contain an amount of milkfat required by the FDA "standard of identity" for white chocolate thus also fail as a matter of law. These allegations are completely irrelevant because such alleged deception assumes, erroneously, that any reasonable consumer would expect to find "real" white chocolate," however defined, as opposed to white chocolate "flavor," in the challenged products. If, as Plaintiffs allege, "the presence of milkfat and other dairy products is much of what gives white chocolate its value in the eyes of reasonable consumers" (Compl., ⁋ 33), then a reasonable consumer should know just from reading the front label that the Products are flavored and may not contain white chocolate, a fact that they could then confirm in the ingredient statements.

The white chocolate standard of identity lists mandatory ingredients which must be present at not less than specified amounts. However, unless the Products meet the standard of identity in its entirety, the

term "white chocolate" could not be legally used without adding "flavor" to the Product name.  Amazingly, Plaintiffs seek to require that Clif Bar violate clearly defined flavor labeling requirements established for a situation such as this – to inform consumers, as part of a product name, that a specific characterizing taste is due to the addition of flavor rather the addition of an ingredient other than flavor.

To the extent Plaintiffs attempt to argue that Clif Bar acted unlawfully simply because the Products ran afoul of the FDA's standard of identity, this too fails. Courts have consistently rejected consumer-protection claims based on "alleged violation of labeling laws alone - separate from any alleged fraud or deception connected with Plaintiffs' reliance or injury." *Wilson v. Frito-Lay North America, Inc.*, 961 F. Supp. 2d 1134, 1145 (N.D. Cal. Oct. 24, 2013) (dismissing with prejudice the plaintiffs' claim based on the defendant's alleged violation of the Sherman Law or FDA regulations because allegations that the plaintiffs "were harmed in some non-specific way by purchasing Products that they later learned were 'legally worthless'" were insufficient); *Leonhart v. Nature's Path Foods Inc.*, 2014 U.S. Dist. LEXIS 46413, at *26 (N.D. Cal. Mar. 31, 2014) (finding that the plaintiff's attempt to make out a consumer-protection claim, not based on a misrepresentation or her reliance, but "by simply point to a regulation or code provision that was violated" on the challenged label was improper).  Accordingly, even if the labeling for either of the Products violated a regulation – a conclusion that Plaintiffs have proffered no facts to support – that would not be sufficient to save their consumer protection claims in the absence of an actionable misleading statement or reliance, as set forth herein.

### iii.  Plaintiffs' Claims Sounding In Fraud Fail To Establish the Elements of Fraud.

#### 1.  No affirmative misrepresentation is alleged

"The elements of intentional misrepresentation, or actual fraud, are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Werbel v. Pepsico, Inc.*, 2010 U.S. Dist. LEXIS 76289, *13 (N.D. Cal. July 2, 2010), *citing Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474, 66 Cal. Rptr. 2d 512 (1997).  Certain of these elements, including misrepresentation, must be pled with particularity. *See* Rule 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").  Here, Plaintiffs' fraud claims fail for the simple reason that Plaintiffs have alleged no false representations or omissions.

There are no false representations because Clif Bar never claims that the products in question contain "real" white chocolate. *See* Compl., Exs. A and B.  Nor are there any omissions because the fact alleged to be material – that the challenged products do not contain actual white chocolate – is unambiguously noted on the front package of each product through a statement that the white chocolate taste is due to "Natural Flavor." *See* Compl., Ex. A. The ingredient statements of the Products also disclose the absence of "real" white chocolate.  *See* Compl., Ex. B.

Plaintiff Davis seems to acknowledge these deficiencies by pleading that the "White Chocolate Macadamia Nut" Clif Bar label statement "*implicitly* promises to consumers that the Product contains white chocolate," but only affirmative misrepresentations (or omissions with a duty to disclose), not "implicit" representations, suffice for the pleading specificity required for fraud. Compl., ¶ 14.  In contrast, Plaintiff Joslin concludes that "White Chocolate Macadamia" somehow "explicitly represents that the Product contains white chocolate," with no particularity as to why the absence of the term "Nut" converts this statement into an affirmative (mis)representation.  Compl., ¶ 13.  There is no FDA standard of identity "white chocolate" expressed or implied in "White Chocolate Macadamia," any more than there are actual fruit berries in "Crunch Berries."  *Werbel, supra,* 2010 U.S. Dist. LEXIS 76289, *9-10 (dismissing fraud claims where there was no intentional misrepresentation because no reasonable consumer would believe that there are real berries in "Crunch Berries").  Given the lack of a false representation or omission, Plaintiffs have failed to plead an essential element of their fraud claims, warranting dismissal of the Complaint in its entirety.  *Videtto, supra,* 2009 U.S. Dist. LEXIS 43114, *9 (dismissing fraud claim where the plaintiff "made no allegations indicating that the challenged packaging is false or contains false statements").

### 2.  Plaintiffs have not pled actual reliance with the requisite specificity

A plaintiff suing under the "fraudulent" prong of the UCL "must demonstrate that she ***actually relied*** upon the allegedly fraudulent misrepresentation." *Chobani I*, 2013 U.S. Dist. LEXIS 134385, *19-20 (emphasis supplied).  This requirement applies equally to "unfair" and "unlawful" UCL claims where, like here, the claims are "based on a fraud theory involving false advertising and misrepresentations to consumers" [*Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 326 (Cal. 2011)], and to claims under the CLRA.  *Brown v. Danone N. Am., LLC,* 2018 U.S. Dist. LEXIS 74692, *13 (N.D. Cal. May 1, 2008).  A

showing of "actual reliance" requires more "than a mere factual nexus between the business's conduct and the consumer's injury." *Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350, 1355 (2010).

Plaintiffs have failed to allege their actual reliance on Clif Bar's allegedly fraudulent Product claims. Rather, Plaintiffs allege, in the most conclusory of terms, that they "viewed" and "reasonably relied in substantial part on the representations that they contain real white chocolate." Compl., ¶ 3. Because Clif Bar never affirmatively represented that the products contained "real" white chocolate, (*see* Compl., Ex. A), however, Plaintiffs allegations of reliance are insufficient as a matter of law.

Moreover, as set forth above, the Products' labels clearly disclose that the white chocolate taste in the Products is from "Natural Flavor," and the ingredient statements show both: (1) the absence of white standard of identity chocolate as expressly named; and (2) the absence of the mandatory ingredients that comprise white chocolate under the FDA standard of identity. Compl., Exhs. A and B. "[B]ecause the label prominently disclosed the [character of the white chocolate in the Products], [Plaintiffs] did know all the relevant facts." *Brown,* 2018 U.S. Dist. LEXIS 74692, *15 (holding that the plaintiff lacked statutory standing where she alleged that she believed the milk was organic based on its label, but the label also disclosed that the milk had DHA). Accordingly, Plaintiffs have failed to allege plausible facts demonstrating their actual reliance.

### b. Plaintiffs' Claims for Injunctive Relief Must Be Dismissed For The Additional Reason That The Court Lacks Subject Matter Jurisdiction Over Them.

The Court lacks subject matter jurisdiction over Plaintiffs' claims for injunctive relief because Plaintiffs lack standing to seek such relief pursuant to Rule (12)(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Article III standing is critical to a Court's subject matter jurisdiction because it "is the threshold question in every federal case, determining the power of the court to entertain the suit," and asks "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (internal quotations omitted). As the U.S. Supreme Court has explained, "the party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Barnum Time Co. v. Envtl. Prot. Agency*, 633 F.3d 894,

899 (9th Cir. 2011) (the party invoking federal jurisdiction must demonstrate through allegations of "specific facts plausibly explaining" why the standing requirements are met).

To establish standing for injunctive relief, "a prospective remedy," a plaintiff must allege "actual and imminent, not conjectural or hypothetical" and "certainly impending" threatened or future injury. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). A plaintiff must show "a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury." *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). In class actions, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

Because Plaintiffs have not alleged that they intend to purchase the Products in the future or why they will not be able to rely on the Products' labels in the future, Plaintiffs cannot meet this standard. The Ninth Circuit recently set forth the parameters under which a plaintiff can establish standing for injunctive relief in *Davidson*, where plaintiff, a consumer of "flushable" wipes, alleged that she "continues to desire to purchase wipes that are suitable for disposal in a household toilet"; "would purchase truly flushable wipes manufactured by [the defendant] if it were possible"; "regularly visits stores . . . where [the defendant's] 'flushable' wipes are sold"; and is continually presented with [the defendant's] flushable wipes packaging but has "no way of determining whether the representation 'flushable' is in fact true." *Davidson*, 889 F.3d at 970-71. Based on these allegations, the Ninth Circuit found it to be a "close question," but ultimately determined that the plaintiff had sufficiently alleged an imminent or actual threat of future harm due to the defendant's actions. *Id.* It is not such a "close question" as to whether Plaintiffs have standing to assert injunctive relief here for several reasons.

*First*, there are no allegations that Plaintiffs intend to purchase the Product in the future. Rather, Plaintiffs note that, "[s]hould [they] encounter the Product[s] in the future, [they] could not rely on the truthfulness of the packaging, absent corrective changes to the packaging." Compl., ¶¶ 13-14. As the Supreme Court has held, however, a plaintiff claiming future or threatened harm must plead facts sufficient to demonstrate that the harm will "proceed with a high degree of immediacy." *Lujan, supra*, 504 U.S. at 564 n.2. "'[S]ome day' intentions—without any description of concrete plans or indeed any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases

require." *Id*. at 564. Plaintiffs do not allege any intention to purchase the Products in the future, let alone to purchase the Products "some day." Obviously, if Plaintiffs do not intend to buy the Products in the future, there can be no risk of future harm.

*Second*, unlike the plaintiff in *Davidson*, Plaintiffs here have several means by which to determine the existence of "real" white chocolate in the Products in the future, notwithstanding their current interpretation of the labels.  As discussed above, they can read the front labels of the Product, which note that the white chocolate taste in the Products is from "Natural Flavor," and they can read the Products' ingredient statements to determine that the Products do not contain any actual white chocolate Thus, in the event that Plaintiffs undertake to purchase any Products in the future (an intention which is not alleged), they *can* rely on the Products' labels.

Plaintiffs have therefore failed to plead facts demonstrating that any future or threatened injury is "actual and imminent" or "certainly impending," which would provide them with standing to seek injunctive relief under *Davidson*.  Plaintiff's claims for injunctive relief must therefore be dismissed for lack of subject matter jurisdiction.

## V.      CONCLUSION

For all of the foregoing reasons, the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

Dated:  November 13, 2018                              KELLER AND HECKMAN LLP


By:  */s/ Christopher Van Gundy*
                                                     Christopher Van Gundy
                                                     Attorneys for Defendant
                                                     Clif Bar and Company

4850-3428-3130, v. 1

DEFENDANT CLIF BAR & COMPANY'S NOTICE OF MOTION, MOTION TO DISMISS COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES