1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   CHRISTOPHER VAN GUNDY, Cal. Bar No. 152359
3  SASCHA HENRY, Cal. Bar No. 191914
   ABBY H. MEYER, Cal. Bar No. 294947
4  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
5  Telephone:    415.434.9100
   Facsimile:    415.434.3947
6  E mail        cvangundy@sheppardmullin.com
                 shenry@sheppardmullin.com
7                ameyer@sheppardmullin.com

8  Attorneys for Defendant
   CLIF BAR & COMPANY, INC.
9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13

| | |
|---|---|
| 14 JAMIE JOSLIN and COURTNEY DAVIS, on behalf of themselves and others similarly situated, | Case No. 18-cv-04941-JSW |
| 15 | **DEFENDANT CLIF BAR & COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 16            Plaintiffs, | |
| 17       v. | *[Proposed Order filed concurrently herewith]* |
| 18 CLIF BAR & COMPANY, | Hearing Date:   November 8, 2019 |
| 19            Defendant. | Time:           9:00 a.m. Judge:           The Hon. Jeffrey S. White |
| 20 | Courtroom:      5, 2nd Floor |
| 21 | Complaint filed: August 14, 2018 Trial Date:      None Set |
| 22 | |

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 8, 2019 at 9:00 a.m. in Courtroom 5, second floor, of the above-captioned Court located at 1301 Clay Street, Oakland, CA 94612, Defendant Clif Bar & Company ("Clif Bar") will, and hereby does, move the Court for an order dismissing, without leave to amend, Plaintiffs Jamie Joslin's and Courtney Davis's First Amended Complaint ("FAC"). Pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(9) of the Federal Rules of Civil Procedure ("Rules" or "Fed. R. Civ. P."), Defendant Clif Bar & Company ("Clif Bar") respectfully submits this Motion for dismissal of the FAC with prejudice. This Motion is based upon this Notice of Motion and Motion, the enclosed Memorandum of Points and Authorities, the [Proposed] Order submitted herewith, all pleadings and papers on file in this action, and upon such oral argument and other matters as may be presented to the Court at the time of the hearing.

**Statement of Issues To Be Decided**

1.      Whether Plaintiffs Jamie Joslin and Courtney Davis (the "Plaintiffs") lack standing to pursue injunctive relief as pled in the FAC;

2.      Whether Plaintiffs have plausibly alleged in the FAC that a reasonable consumer would be deceived by the labeling of the challenged Clif Bar products;

3.      Whether Plaintiffs have pled adequately in the FAC reasonable or justifiable reliance sufficient for claims all sounding in fraud; and

4.      Whether Plaintiffs are entitled to seek equitable relief where they also seek money damages.

**Summary of Argument**

Plaintiffs Lack Standing To Claim Injunctive Relief. In the Court's Order Granting Defendant's Motion To Dismiss With Leave To Amend (Dkt. 27, the "Order"), the Court identified two legal tests from *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 965, 967 (9th Cir. 2018), that, if pled by Plaintiffs, might establish their standing to pursue injunctive relief. In the FAC, however, Plaintiffs do not allege facts satisfying either test: they do not allege any intent to repurchase the Products, and they do not plausibly allege *how* or *why* they will be unable to rely on the Products' labeling in the future (which they do not assert is false).

1      <u>Plaintiffs' Statutory Claims Fail Because The Reasonable Consumer Would Not Be</u>

2 <u>Deceived By The Products' Labeling</u>.  In the Order, the Court found that Plaintiffs did not

3 plausibly allege that the reasonable consumer would be deceived by the Products' labeling.  The

4 FAC, while it adds new theories of deceptive labeling, is similarly deficient:

5      (1) with regard to whether a reasonable consumer would be deceived, Plaintiffs added

6 allegations as to how a reasonable consumer *might* be misled, but these allegations are not

7 plausible in the first instance where the Product labeling provides all truthful and required

8 objective facts for the consumer to understand there is no "real" white chocolate in the Product.

9 "White Chocolate/Macadamia Nut" is followed by "Natural Flavor" on the front of the labels, and

10 the back of the labels accurately sets forth what ingredients are in the Products ("natural flavors"),

11 and what are not ("white chocolate").  *Truxel et al v. General Mills Sales, Inc.*, Case No. 4:16-cv-

12 04957-JSW (Aug. 13, 2019) ("Plaintiffs cannot plausibly claim to be misled about the sugar

13 content of their cereal purchases because Defendants provided them with all truthful and required

14 objective facts  . . the actual ingredients were fully disclosed and it was up to the Plaintiffs, as

15 reasonable consumers, to come to their own conclusions about whether or not the sugar content

16 was healthy for them").

17      (2) despite their various new theories for how the reasonable consumer might be deceived,

18 Plaintiffs fail to allege that they were deceived in like manner – instead, they allege they were only

19 misled by the use of "White Chocolate" in the challenged products' flavor names.  Dismissal is

20 appropriate for this reason as well.  *Swearingen v. Pac. Foods of Or., Inc*., 2014 U.S. Dist. LEXIS

21 105730 *4-5 (N.D. Cal. July 31, 2014); and

22      (3) pursuant to *Miller v. Ghirardelli Chocolate Co*., 912 F.Supp.2d 861 (N.D. Cal. 2012),

23 cited by the Court in its Order, Plaintiffs fail to identify, as was the case in *Miller*, "romance"

24 language indicating that there was chocolate in the product (*e.g.*, "award-winning chocolate"), and

25 fail plausibly to allege that the challenged products were sold "side-by-side" with similar products

26 containing "real white chocolate."  Here, Plaintiffs pulled pictures from the Internet and do not

27 plead that those products were in fact sold side-by-side the Clif Bar products.

28 ///

1      <u>Plaintiffs' Statutory And Common Law Fraud Claims Fail Because Plaintiffs Did Not</u>

2  <u>Plead Reasonable or Justifiable Reliance Adequately</u>.  In the Order, the Court found that Plaintiffs

3  did not allege the requisite element of reasonable or justifiable reliance for common law fraud.

4  *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996); *accord Kottler v. Deutsche Bank AG*, 607

5  F.Supp.2d 447, 462 (S.D.N.Y. 2009).  In the FAC, Plaintiffs' common law allegations are

6  essentially the same, and, as explained above, Plaintiffs do not plead that they relied on "Natural

7  Flavor" or overlooked that phrase as some "reasonable consumers" supposedly did.  FAC, ¶¶ 122-

8  125.

9      <u>Plaintiffs Are Not Entitled To Equitable Relief Because They Also Seek Damages</u>.

10  Plaintiffs are not entitled to equitable relief, such as restitution and injunctive relief, for the

11  independent reason that they have alleged claims for damages.  *Munning v. Gap, Inc*., 238

12  F.Supp.3d 1195, 1203 (N.D. Cal. 2017); *Rhynes v. Stryker Corp*., 2011 U.S. Dist. LEXIS 58286,

13  *10 (N.D. Cal. May 31, 2011) ("[w]here the claims pleaded by a plaintiff may entitle her to an

14  adequate remedy at law, equitable relief is unavailable.").

15

16  Dated:  September 30, 2019

17                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

18

19             By              */s/ Christopher Van Gundy*

20                       CHRISTOPHER VAN GUNDY

                           SASCHA HENRY

21                       ABBY H. MEYER

22                       Attorneys for Defendant

                     CLIF BAR & COMPANY, INC.

23

24

25

26

27

28

                     Case No. 18-cv-04941-JSW

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.     INTRODUCTION...................................................................................................................1

II.    STATEMENT OF FACTS/PROCEDURAL POSTURE .....................................................2

III.   ARGUMENT .........................................................................................................................5

     A.    Legal Standard On Motion To Dismiss....................................................................5

     B.    Plaintiffs Lack Standing To Seek Injunctive Relief.................................................5

     C.    No Reasonable Consumer Would Be Deceived By The Products' Packaging..........7

          1.     The Reasonable Consumer Standard.............................................................7

          2.     Plaintiffs' New Reasonable Consumer Deception Allegations Are
                Not Plausible .................................................................................................9

          3.     Plaintiffs Fail To Allege That They Were Deceived In Like Manner
                With The Reasonable Consumer, And Thus Fail To Plead The
                Requisite Reliance.......................................................................................12

          4.     The Reasonable Consumer Would Not Be Deceived As A Result Of
                The Third-Party Bars, As Newly Alleged By Plaintiffs..............................13

     D.    Plaintiffs Did Not Plead Reasonable or Justifiable Reliance Adequately For
            Common-Law Or Statutory Fraud ..........................................................................13

     E.    Plaintiffs' UCL and FAL Claims For Equitable Relief Should Be Dismissed
            Because Plaintiffs Have Pleaded Remedies At Law ...............................................14

IV.   CONCLUSION ...................................................................................................................15

SMRH:4852-8836-6246.5

Case No. 18-cv-04941-JSW
CLIF BAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) .................................................................................................5

*Brown v. Starbucks Corp.*
  2019 U.S. Dist. LEXIS 33211 (S.D. Cal. Mar. 1, 2019)........................................8

*Brumfield v. Trader Joe's Co.*
  2018 U.S. Dist. LEXIS 148397 (S.D.N.Y. Aug. 30, 2018) ....................................8

*Colella v. Atkins Nutritionals, Inc.*
  348 F.Supp.3d 120 (E.D.N.Y. 2018)....................................................................12

*Davidson v. Kimberly-Clark Corp.*
  889 F.3d 956 (9th Cir. 2018)..................................................................................6

*Davidson v. Kimberly-Clark Corp.*
  889 F.3d 965 (9th Cir. 2018).....................................................................1, 4, 6, 7

*Ebner v. Fresh, Inc.*
  838 F.3d 958 (9th Cir. 2016)...............................................................................7, 8

*Fink v. Time Warner Cable*
  714 F.3d 739 (2d Cir. 2013)...................................................................................7

*Franklin v. Gwinnett Cty. Pub. Sch.*
  503 U.S. 60 (1992) ...............................................................................................14

*Freeman v. Time, Inc.*
  68 F.3d 285 (9th Cir. 1995)................................................................................7, 8

*Hairston v. S. Beach Beverage Co.*
  2012 U.S. Dist. LEXIS 74279 (C.D. Cal. May 18, 2012)......................................8

*Hodgers–Durgin v. de la Vina*
  199 F.3d 1037 (9th Cir. 1999)................................................................................6

*Kottler v. Deutsche Bank AG*
  607 F.Supp.2d 447 (S.D.N.Y. 2009) ................................................................3, 14

*Lam v. Gen. Mills, Inc.*
  859 F.Supp.2d 1097 (N.D. Cal. 2012) .................................................................11

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ............................................................................................6, 7

*Mandani v. Volkswagen Grp. of Am., Inc.*
   2019 U.S. Dist. LEXIS 25381 (N.D. Cal. Feb. 15, 2019)........................................15

*Maya v. Centex Corp.*
   658 F.3d 1060 (9th Cir. 2011)..........................................................................................5

*McKinniss v. Sunny Delight Bevs. Co.*
   2007 U.S. Dist. LEXIS 96108 (C.D. Cal. Sept. 4, 2007)......................................11

*Miller v. Ghirardelli Chocolate Co.*
   912 F.Supp.2d 861 (N.D. Cal. 2012) ....................................................2, 5, 13

*Mort v. United States*
   86 F.3d 890 (9th Cir. 1996)..........................................................................................14

*Moss v. Infinity Ins. Co.*
   197 F.Supp.3d 1191 (N.D. Cal. 2016) ....................................................................15

*Mullins v. Premier Nutrition Corp.*
   2018 U.S. Dist. LEXIS 10810 (N.D. Cal. Jan 23, 2018) ......................................15

*Munning v. Gap, Inc.*
   238 F.Supp.3d 1195 (N.D. Cal. 2017) ...............................................3, 14, 15

*Rhynes v. Stryker Corp.*
   2011 U.S. Dist. LEXIS 58286 (N.D. Cal. May 31, 2011) .................................3, 15

*Robinson v. J.M. Smucker Co.*
   2019 U.S. Dist. LEXIS 78069 (N.D. Cal. May 8, 2019) ......................................14

*Sateriale v. R.J. Reynolds Tobacco Co.*
   697 F.3d 777 (9th Cir. 2012)........................................................................................14

*Shin v. Campbell Soup Co.*
   2017 U.S. Dist. LEXIS 136121 (C.D. Cal. Aug, 9, 2017) ......................................9

*Solak v. Hain Celestial Grp., Inc.*
   2018 U.S. Dist. LEXIS 64270 (N.D.N.Y. Apr. 17, 2018) ...............................7, 9

*Spokeo, Inc. v. Robins*
   136 S. Ct. 1540 (2016) ..................................................................................................6

*Swearingen v. Pac. Foods of Or., Inc.*
   2014 U.S. Dist. LEXIS 105730 (N.D. Cal. July 31, 2014) ..............................2, 12

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097 (9th Cir. 2003)....................................................................................14

*Videtto v. Kellogg USA*
   2009 U.S. Dist. LEXIS 43114 (E.D. Cal. May 20, 2009) ......................................11

-iii-

*Workman v. Plum Inc.*
     141 F.Supp.3d 1032 (N.D. Cal. 2015) ...................................................9

## STATE CASES

*Daro v. Super. Ct.*
     151 Cal.App.4th 1079 (2007)................................................................13

*Kwikset Corp. v. Super. Ct.*
     51 Cal.4th 310 (2011).............................................................................13

*Lazar v. Superior Court*
     12 Cal.4th 631 (1996)..............................................................................3

*Lueras v. BAC Home Loans Servicing, LP*
     221 Cal.App.4th 49 (2013)....................................................................14

## DOCKETED CASES

*Truxel et al v. General Mills Sales, Inc.*
     Case No. 4:16-cv-04957-JSW (Aug. 13, 2019) ................................2, 10

## FEDERAL STATUTES, RULES & REGULATIONS

21 C.F.R.
     § 101.22(i) ......................................................................................10, 11
     § 101.22(i)(1)(i)......................................................................................10
     § 101.22(a)(3)..........................................................................................10

21 U.S.C.
     § 343-1....................................................................................................11

Federal Rules of Civil Procedure
     Rule 12(b)(1) ........................................................................................1, 5
     Rule 12(b)(6) ........................................................................................1, 5
     Rule 12(b)(9) ............................................................................................1

## STATE STATUTES

California Business & Professions Code
     § 17203 ...................................................................................................13
     § 17204 ...................................................................................................13

New York General Business Law
     § 349 ...................................................................................7, 8, 12, 15
     § 350 ...................................................................................7, 8, 12, 15
     § 350-a(1) ...............................................................................................15

SMRH:4852-8836-6246.5                           CLIF BAR'S MOTION TO DISMISS
                                                FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In the FAC, Plaintiffs continue to allege that the terms "White Chocolate/Macadamia Nut" (followed by "Natural Flavor" in smaller font) on the front label of Clif Bar® Energy Bar and Luna® Whole Nutrition Bar (collectively, the "Products"), misled them into believing the Products contained "real" white chocolate as defined by U.S. Food and Drug Administration ("FDA") regulations, when in fact the Products do not.  In its August 26, 2019 order ("Order"), the Court previously granted Clif Bar's motion to dismiss the original Complaint in three respects: 1) Plaintiffs were not entitled to injunctive relief because they did not plead how they would be deceived again when they can read the label and see "Natural Flavor" on the front, and "natural flavors" and the absence of "white chocolate" in the ingredient statement on the back panel; 2) the reasonable consumer would not be deceived by the Products' packaging, and Plaintiffs had not alleged that a reasonable consumer would be deceived by font size and placement of the phrase "Natural Flavor," and/or by "side-by-side" placement of the Products next to other energy bars with "real" white chocolate; and 3) that common-law fraud was deficiently pled for lack of reasonable or justifiable reliance.

Respectfully, the Court should dismiss the FAC this time with prejudice because the FAC does not rectify the deficiencies identified by the Court in its Order, for all of the reasons identified in the previous "Summary of Argument" and as explained below.  Plaintiffs did not plead how they would be deceived again sufficient for standing for injunctive relief.  As for the reasonable consumer, the new allegations are all over the map: some "reasonable consumers" allegedly see "Natural Flavor" on the front, others do not, Plaintiffs still allege that they read the label, they do not deny that they saw "Natural Flavor," and do not dispute that the ingredient list makes no reference to "white chocolate," but does mention "natural flavors."  Plaintiffs do not even bother pleading reasonable or justifiable reliance for common-law fraud.

Plaintiffs simply cannot get around the fact that Clif Bar disclosed all truthful and required objective facts that would enable a reasonable consumer to know that the Products offered the taste of white chocolate, not real white chocolate – "White Chocolate" and "Natural Flavor" were

-1-

1  arranged together on the front of the label, and in the ingredient statement on the back, "natural

2  flavors" appeared but not "white chocolate."  Of all people, the California Plaintiff here, Ms.

3  Joslin, should know to read food product labels because she is the named plaintiff in another case

4  with her counsel here, *Chelsea Cabrega and Jamie Joslin v. Campbell Soup Company*, 2:18-cv-

5  03827-SJF-ARL, and has access to experienced "food court" counsel.  Respectfully, the Court

6  should dismiss the FAC with prejudice.

7  **II.     STATEMENT OF FACTS/PROCEDURAL POSTURE**

8           On August 14, 2018, Plaintiffs filed this purported class action against Clif Bar, asserting

9  that Clif Bar's claims of "white chocolate" in the Products constituted violations of the consumer

10 protection statutes of California, New York, and common law fraud.  On November 18, 2018, Clif

11 Bar moved to dismiss the Complaint.  On August 26, 2019, the Court granted Clif Bar's motion to

12 dismiss in full but granted Plaintiffs leave to amend.

13          The relevant facts, alleged by Plaintiff in the FAC, or from the Court's docket, are:

14          Clif Bar markets "Clif Bar® Energy Bar: White Chocolate Macadamia Nut" (the "Clif

15 Bar") and the "Luna® Whole Nutrition Bar: White Chocolate Macadamia" (the "Luna Bar").

16 FAC, ¶ 1, Ex. A.  The phrase "Natural Flavor" appears immediately under "White Chocolate

17 Macadamia Nut" on the Clif Bar, and immediately next to "White Chocolate/Macadamia" on the

18 Luna Bar.  FAC, Ex. A.  The ingredient statements of both Products list "natural flavors," and do

19 not include "white chocolate."  FAC, Ex. B.

20          In the FAC, Plaintiffs assert Clif Bar allegedly engages in "deceptive and otherwise

21 improper business practices … with respect to the labeling of the [Products]."  FAC, ¶ 1.

22 Plaintiffs allege that the Products "are advertised and sold to mislead consumers into believing

23 that the bars contain white chocolate, when in fact they do not."  FAC, ¶ 2.  Despite the "Natural

24 Flavor" qualification on the Products' front labels, Plaintiffs allege that when they made their

25 purchases, they "reasonably relied in substantial part on the representations that they contain real

26 white chocolate" and were therefore "deceived into purchasing a product inferior to what they had

27 bargained for."  FAC, ¶ 3.

28          Plaintiffs further allege that they and the purported class members "reasonably and

-2-

SMRH:4852-8836-6246.5

1  substantially relied upon the accuracy of Defendant's front-package labeling when deciding to

2  purchase the Products," and so, apparently they did not bother to read the ingredient statement on

3  the back of the label.  FAC, ¶ 8.  Plaintiffs also aver that they and the purported class members

4  "would not have purchased the Products had they known that they in fact do not contain white

5  chocolate." *Id.*  Plaintiffs do not allege that the ingredients list (which discloses that there is no

6  white chocolate in the Products), is untruthful.

7      Plaintiffs also allege that use of the term "Natural Flavor" on the front packaging is "small

8  enough for reasonable consumers to overlook the statement . . . ," but they do not in fact plead that

9  this is the case.  FAC, ¶¶ 33-37; 39-44.  Plaintiffs also assert that some other energy bars,

10  apparently available for purchase on-line (*see* Ex. C to the FAC), contain actual white chocolate

11  and that somehow Clif Bar "authorizes" the placement of the Products alongside these.  FAC, ¶¶

12  46-47.  Plaintiffs contend that they are entitled to damages because they were "injured when they

13  paid the full price of the Products and received a Product inferior to what was represented to them

14  by [Clif Bar]."  FAC, ¶ 49.

15      Plaintiffs also seek injunctive relief based on the notion that "should [they] encounter the

16  Product in the future, [they] could not rely on the truthfulness of the Product's packaging, absent

17  corrective changes to the packaging or its ingredients."  FAC, ¶¶ 13-14.  Plaintiffs do not,

18  however, allege that they intend to purchase the Products again in the future, or how they would

19  be unable in the future to rely on the Products' labels, given that the ingredient statements for both

20  Products are truthful and disclose that the Products do not contain white chocolate.

21      In its Order, the Court granted Clif Bar's motion to dismiss in full but gave Plaintiffs leave

22  to amend: 1) to plead facts showing a cognizable threat of future harm [Order at 7]; 2) to allege

23  that a reasonable consumer would be deceived by the Product labeling where "the label and the

24  fact that the products were placed next to products that did contain white chocolate supported that

25  inference [of deception]" [Order at 15]; and 3) for the common-law fraud claim for relief, to allege

26  facts "sufficient to show that reliance on that representation was reasonable or justifiable" [Order

27  at 15].  With respect to Plaintiffs' lack of standing to assert injunctive relief, the Court noted that

28  "Plaintiffs do not need to purchase the Products again in order to know whether the Products

-3-

Case No. 18-cv-04941-JSW

CLIF BAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

contain real white chocolate . . . Plaintiffs need only inspect the ingredient list to discover that the Products do not contain real white chocolate."  Order at 7, *distinguishing Davidson v. Kimberly-Clark Corp.*, 889 F.3d 965, 967 (9th Cir. 2018), where the plaintiff could not tell from the labeling whether the disposable wipes were "flushable" or not before purchase.  Order at 7.  In the FAC, each Plaintiff makes no substantive changes to their original pleading, not even to state a future intent to purchase the Products: "Should she encounter the Product in the future, she could not rely on the truthfulness of the Product's packaging, absent corrective changes to the Products packaging or ingredients."  FAC, ¶¶ 13, 14.

With respect to whether Plaintiffs' alleged deception of the reasonable consumer, the Court noted that "to the extent Plaintiffs make factual assertions about what a reasonable consumer would understand from the size and placement of the phrase ["Natural Flavor"], those facts are not included in the Complaint."  Order at 13-14.  In the FAC, Plaintiffs apparently sought to address the Court's ruling by first noting that "Natural Flavor" "encourages reasonable consumers to dissociate 'Natural Flavor' from 'White Chocolate' and to treat the former as an independent statement" "celebrating the authenticity or naturalness of the Products."  FAC, ¶ 36.  Nowhere do Plaintiffs allege that they themselves understand that: "[t]his dissociation is further encouraged by the small font size of 'Natural Flavor' . . . it is also small enough for reasonable consumers to easily overlook the statement, and thus be less likely to question the authenticity of 'White Chocolate' found in the Products.'"  *Id.*

Also, in citing numerous "Internet authorities" on natural flavors, Plaintiffs plead that "the natural effect 'Natural Flavor' on the mind of the reasonable consumer is to reinforce the mistaken impression that a product is authentic because the flavor in question originates in the ingredient which naturally gives rise to that flavor – white chocolate in the instant action."  FAC, ¶ 41.  Moreover, Plaintiffs' pleading about the "reasonable consumer" is not specific and may or may not apply to a reasonable consumer, such as alleging for example that "Natural Flavor" "encourages" reasonable consumers to "dissociate" "flavor" from "white chocolate."  FAC, ¶ 36.  There is no explanation of how many "reasonable consumers" were so encouraged.  Moreover, Plaintiffs do not plead that either of them share these various views of "deception" with the

1   "reasonable consumer," but rather, Plaintiffs simply read "White Chocolate" on the front label, did

2   not read the back label ingredient statement, and concluded that the Products contained "real"

3   white chocolate.  FAC, ¶¶ 8, 13, 14.

4   　　　Regarding deception, the Court in its Order also noted that in *Miller v. Ghirardelli*

5   *Chocolate Co.*, 912 F.Supp.2d 861 (N.D. Cal. 2012), the motion to dismiss was denied where the

6   product bearing the term "white baking chips" appeared "side-by-side" with products containing

7   "real" white chocolate.  Order at 14.  The Court ruled that Plaintiffs "do not include similar

8   allegations here."  Order at 15.  In the FAC, Plaintiffs make no such "side-by-side" allegations

9   other than to pull pictures of other products from the Internet and conclude that: "Defendant's

10  Products run afoul of and exploit this reasonable consumer expectation by authorizing the

11  placement of its products alongside bona fide white chocolate nutrition bars . . . . "  FAC, ¶ 47.

12  Given the small market share of these other two products, it is not surprising that Plaintiffs were

13  unable to plead that the Clif Bar products and other products were, in fact, located "side-by-side"

14  Clif Bars where they purchased the challenged Products, or anywhere Clif Bars are found.

15  　　　Finally, with respect to common-law fraud, the Court challenged Plaintiffs to allege that

16  they reasonably or justifiably relied on the alleged misrepresentation.  Order at 15.  The common-

17  law fraud allegations are essentially unchanged.  FAC, ¶¶ 122-125.

18  ## III.   ARGUMENT

19  ### A.   Legal Standard On Motion To Dismiss

20  　　　A complaint may be dismissed pursuant to Rule 12(b)(1) (lack of subject matter

21  jurisdiction) or Rule 12(b)(6).  Rule 12(b)(1) requires dismissal of claims when a plaintiff lacks

22  constitutional standing.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  Rule

23  12(b)(6) requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its

24  face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The FAC fails independently under

25  both Rules, based on Plaintiffs' lack of standing to seek injunctive relief, and their failure to state a

26  claim under which relief may be granted.

27  ### B.   Plaintiffs Lack Standing To Seek Injunctive Relief

28  　　　To establish standing for injunctive relief, "a prospective remedy," a plaintiff must allege

-5-

SMRH:4852-8836-6246.5

"actual and imminent, not conjectural or hypothetical" and "certainly impending" threatened or future injury. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). At "the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (alterations original). In class actions, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

As noted in the Order, in *Davidson*, the Ninth Circuit provided two tests for how a previously deceived plaintiff could allege a threat of future harm. First, "the threat of future harm may be the consumer's *plausible allegations* that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Davidson*, 889 F.3d at 969-70 (emphasis added). Second, "the threat of future harm may be the consumer's *plausible allegations* that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 970 (emphasis added).

In its Order, the Court found that Plaintiffs had not plausibly alleged standing for injunctive relief under either *Davidson* test. Order, at 5-7. The Court found, "Plaintiffs do not allege they want to or intend to purchase the Products in the future. Accordingly, they fail to allege facts to show they have standing under *Davidson*." Order, at 5-6. The Court also found, "[u]nlike *Davidson*, where the plaintiff could not know without purchasing the flushable wipes whether the wipes were truly flushable, Plaintiffs do not need to purchase the Products again in order to know whether the Products contain real white chocolate. Instead, Plaintiffs need only inspect the ingredient list." Order, at 7. The Court added that, "[i]f Plaintiffs do not want products that do not contain real white chocolate, the Court is hard pressed to see how Plaintiffs would be able to allege the requisite future harm," but granted Plaintiffs leave to amend. *Id.*

In their FAC, Plaintiffs amended the relevant allegations only as follows:

> Should ~~Plaintiff JOSLIN~~ she encounter the Product in the future, she could not rely on the truthfulness of the <u>Product's</u> packaging, absent corrective changes to the <u>Product's</u> packaging <u>or its ingredients</u>.

Should ~~Plaintiff DAVIS~~ <u>she</u> encounter the Product in the future, she could not rely on the truthfulness of the <u>Product's</u> packaging, absent corrective changes to the <u>Product's</u> packaging <u>or its ingredients</u>.

FAC, ¶¶ 13, 14 (redlining indicates changes from original Complaint).  Plaintiffs' amendments are insufficient under either *Davidson* test.  Given that the Products' labels bear the phrase "Natural Flavor" immediately next to or below the flavor name, and that the ingredients list on the label is true and accurate, Plaintiffs do not plausibly allege *how or why* they will be "unable to rely on the product's advertising or labeling in the future," and so allegedly would "not purchase the product although [they] would like to."  *Davidson*, 889 F.3d at 969-70.

For the "immediacy" test, Plaintiffs do not allege *any* future intent to purchase the Products, instead alleging that "should" the Products be "encounter[ed]," they "could not rely" on the packaging.  FAC, ¶¶ 13, 14.  *See Lujan, supra*, 504 U.S. at 575 (plaintiffs must show that they are "immediately in danger of sustaining a direct injury").  Plaintiffs' use of the subjunctive is a dead giveaway that they cannot plead the requisite future harm in good faith, and so their claims for injunctive relief now should be dismissed with prejudice.

## C.    No Reasonable Consumer Would Be Deceived By The Products' Packaging

### 1.    The Reasonable Consumer Standard

Plaintiffs' claims for misleading advertising under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), Consumer Legal Remedies Act ("CLRA"), and New York's General Business Law ("GBL"), Sections 349 and 350, are governed by the "reasonable consumer" standard.  *See Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (applying New York and California law); *Solak v. Hain Celestial Grp., Inc.*, 2018 U.S. Dist. LEXIS 64270 *7-8 (N.D.N.Y. Apr. 17, 2018) (applying reasonable consumer standard to GBL §§ 349 and 350).  Under this standard, a plaintiff must "show that 'members of the public are likely to be deceived.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).  This test "requires more than a mere possibility that [a product's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'"  *Id.*, *quoting Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 507 (2003).  Rather,

-7-

Case No. 18-cv-04941-JSW
CLIF BAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1    "the reasonable consumer standard requires a probability 'that a significant portion of the general

2    consuming public or of targeted consumers, acting reasonably in the circumstances, could be

3    misled.'" *Id.*

4         Courts consider the allegedly misleading statement in its context on a product label as a

5    whole to determine whether it is misleading.  *Freeman*, 68 F.3d at 290 ("Any ambiguity that [the

6    plaintiff] would read into any particular statement [can be] dispelled by the promotion as a

7    whole"); *accord*, *Brumfield v. Trader Joe's Co.*, 2018 U.S. Dist. LEXIS 148397 *5-8 (S.D.N.Y.

8    Aug. 30, 2018) (granting motion to dismiss GBL §§ 349, 350; CLRA, FAL and UCL claims; "[i]n

9    determining whether a reasonable consumer would have been misled by a particular

10   advertisement, context is crucial").  The *Brumfield* case is instructive.  *Brumfield, supra*, 2018

11   U.S. Dist. LEXIS 148397 (S.D.N.Y. Aug. 30, 2018).

12        In *Brumfield*, the plaintiff brought claims for violations of both New York and California

13   consumer protection statutes.  The plaintiff asserted that Trader Joe's "Black Truffle" flavored

14   olive oil was deceptively labeled because the product did not contain truffles.  *Id.*, *3.  The label

15   showed "BLACK TRUFFLE" in large and bolded font, and beneath it, in smaller script, the word

16   "flavored."  *Id.*  Applying the reasonable consumer standard, the court found that the product was

17   not deceptively labeled as a matter of law, and dismissed the amended complaint without leave to

18   amend.  *Id.*, *15.  The court reasoned that the combined effect of this language "would suggest to

19   a 'reasonable consumer acting reasonably' [] that the product is designed to taste like black

20   truffles."  *Id.*, *6.

21        Courts have further explained that "where a Court can conclude as a matter of law that

22   members of the public are not likely to be deceived by the product packaging, dismissal is

23   appropriate." *Hairston v. S. Beach Beverage Co.*, 2012 U.S. Dist. LEXIS 74279, *11 (C.D. Cal.

24   May 18, 2012) (dismissing claims that the label "all natural" on flavored water was misleading

25   because the label did not "simply state that it is 'all natural' without elaboration or explanation . . .

26   the 'all natural' language is immediately followed by the additional statement 'with vitamins' or

27   'with B vitamins.'"); *see also Brown v. Starbucks Corp.*, 2019 U.S. Dist. LEXIS 33211 *6-7 (S.D.

28   Cal. Mar. 1, 2019) (dismissing CLRA, FAL and UCL claims because the label did not contain

-8-                          Case No. 18-cv-04941-JSW

1   literally false statements, the product visibly does not convey that it contains only natural

2   ingredients, and there is no "front-back" bait-and-switch problem); *Shin v. Campbell Soup Co.*,

3   2017 U.S. Dist. LEXIS 136121 *15-16 (C.D. Cal. Aug, 9, 2017) (granting motion to dismiss

4   CLRA, FAL and UCL claims; the label statements regarding less sodium and fat were objectively

5   truthful and would not cause a reasonable consumer to believe the products were healthy).

6          **2.      Plaintiffs' New Reasonable Consumer Deception Allegations Are Not Plausible**

7          As was the case in *Brumfield* and other cases cited herein, Plaintiffs' new allegations as to

8   how the "reasonable consumer" was deceived in this case are simply not plausible and the FAC

9   should be dismissed for this reason alone.  The labels display the Product name (Clif Bar or Luna

10  Bar), the Product flavor (White Chocolate Macadamia Nut or White Chocolate Macadamia), and

11  "Natural Flavor."  Even if there were any ambiguity that the flavor of the Products was white

12  chocolate, the ingredient statements provide that the Products contain "natural flavors" and do not

13  mention white chocolate.  FAC, Exs. A, B; *see Workman v. Plum Inc.*, 141 F.Supp.3d 1032, 1035

14  (N.D. Cal. 2015) (granting motion to dismiss; "[e]very reasonable shopper knows that the devil is

15  in the details.  Moreover, any potential ambiguity could be resolved by the back panel of the

16  products, which listed all ingredients in order of predominance, as required by the FDA."); *Solak*,

17  *supra*, 2018 U.S. Dist. LEXIS 64270 at 14 ("the list of ingredients included on the Packaging

18  makes abundantly clear that the Product contains only processed derivatives of the pictured

19  vegetables, and not the fresh vegetables themselves.  It therefore strains credulity that any

20  consumer would honestly conclude that the Product contains any non-processed vegetables, much

21  less that a 'reasonable' consumer might do so.").

22         Plaintiffs now allege that for some "reasonable consumers" the font size of "Natural

23  Flavor" on the Product packaging is too small; however, they do not allege that they or all

24  consumers are routinely not seeing the language on these Products.  *See* FAC, ¶¶ 34-36, 42, 44

25  ("The effect of this [font size] *will be* …") (emphasis added).  Plaintiffs also now allege that the use

26  of "flavor" instead of "flavored" *encourages* consumers to dissociate "natural flavor" from

27  "White Chocolate" but do not plausibly allege that this is, in fact, occurring for them or for all

28  reasonable consumers.  *See* FAC, ¶ 36 (emphasis added); *see also* FAC, ¶ 43.  Although Plaintiffs

1  speculate as to several grounds of alleged deception, they never plead, as they must, exactly how

2  they and the reasonable consumer were deceived by the Product labeling.  The new allegations fall

3  short and require dismissal where all of the information regarding the white chocolate flavor of the

4  Products was fully disclosed to Plaintiffs.  *Truxel et al v. General Mills Sales, Inc.*, Case No. 4:16-

5  cv-04957-JSW (Aug. 13, 2019) ("here the Court finds that Plaintiffs cannot plausibly claim to be

6  misled about the sugar content of their cereal purchases . . . the actual ingredients were fully

7  disclosed and it was up to the Plaintiffs, as reasonable consumers, to come to their own

8  conclusions about whether or not the sugar content was healthy for them");

9       Plaintiffs seek to support one of their theories of deception with reference to various

10  regulations, but admit that the regulations themselves contemplate a product's flavor that is not

11  derived from the actual substance: a food "substance qualified with 'Natural Flavor' merely

12  describes how the product is flavored, *not what is actually in it*."  FAC, ¶¶ 39, 40; 21 C.F.R. §

13  101.22(i)(1)(i) (which governs when "the food contains no such [characterizing food] ingredient").

14  In fact, the term "Natural Flavor" is defined by regulation to mean, "the essential oil, oleoresin,

15  essence or extractive, protein hydrolysate, distillate … which contains the flavoring constituents

16  derived from a spice, … bark, bud, root, leaf or similar plant material, … dairy products, or

17  fermentation products thereof, whose significant function in food is flavoring rather than

18  nutritional." 21 C.F.R. § 101.22(a)(3).  Plaintiffs do not allege that the Products fail to comply

19  with these regulations, and the Products in no way indicate that the natural flavor of white

20  chocolate comes from white chocolate.

21       For over four decades, manufacturers have had the option either to use an ingredient (other

22  than flavor) in a sufficient amount that provides a characterizing taste with no reference to

23  "flavor" as part of the product name, or, to achieve a characterizing taste through the addition of

24  flavor(s) without the need to include the actual characterizing ingredient, by disclosing that fact as

25  part of the product name.  21 C.F.R. § 101.22(i).  If, for example, a food contains no ingredient

26  which provides the characterizing taste, *and* is "commonly expected" to contain the characterizing

27  ingredient, the product name must include the term "flavored," such as "natural strawberry

28  flavored shortcake." 21 C.F.R. § 101.22(i)(1)(i).  The reference to a characterizing flavor as part

-10-

1  of a product name thus permits manufacturers to communicate to consumers that the taste(s) of a

2  product is due to the addition of flavor, thus contradicting Plaintiffs' new allegations, that some

3  consumers equate "natural flavor" with an actual ingredient.  21 C.F.R. § 101.22(i).

4      Plaintiffs' citation to these regulations is futile because: consumer deception is the test, not

5  regulatory compliance; the regulations in fact do not support Plaintiffs' allegations; and the

6  Products are compliant with the regulations.  Plaintiffs claim that Clif Bar's use of "Natural

7  Flavor" is not compliant because of word order, height, and the lack of an "-ed" in "Flavor."  21

8  C.F.R. § 101.22(i).  However, this regulation only applies where it is "commonly expected" that

9  nutrition and energy bars contain "real" white chocolate, as one would expect "strawberry

10  shortcake" to contain strawberries, but Plaintiffs have not pled this "common expectation," nor

11  could they in good faith.  Reasonable consumers may expect a line of chocolate bars to contain

12  "real" white chocolate, but Clif Bars are not chocolate bars, they are rolled oats energy and

13  nutrition bars that come in various flavors.

14      Plaintiffs' erroneous claim of technical non-compliance with the regulations is of no

15  moment in any event because consumers naturally understand "flavor" to mean the flavor of a

16  product.  *McKinniss v. Sunny Delight Bevs. Co.*, 2007 U.S. Dist. LEXIS 96108, *11-12 (C.D. Cal.

17  Sept. 4, 2007) ("no reasonable consumer, upon review of the label as a whole . . . would conclude

18  that Defendant's products contain significant quantities of fruit or fruit juice, particularly when the

19  label identifies the product as fruit 'flavored' and indicates the exact fruit content of each

20  product"); *Videtto v. Kellogg USA*, 2009 U.S. Dist. LEXIS 43114, *8 (E.D. Cal. May 20, 2009)

21  (finding it "entirely unlikely that members of the public would be deceived" into thinking a cereal

22  contains real fruit where, among other things, the packaging included "a small banner stating

23  'natural fruit flavors'").  In any event, Plaintiffs seek nothing less than to re-write the regulations,

24  and therefore their new theory is not only implausible, but preempted by 21 U.S.C. § 343-1.  *See*

25  *Lam v. Gen. Mills, Inc*., 859 F.Supp.2d 1097, 1102-03 (N.D. Cal. 2012) (finding claims were

26  preempted to the extent they were predicated on the "naturally flavored" and "fruit flavored"

27  labels).

28      ///

### 3.   Plaintiffs Fail To Allege That They Were Deceived In Like Manner With The Reasonable Consumer, And Thus Fail To Plead The Requisite Reliance

Even if Plaintiffs' new reasonable consumer deception allegations were plausible, Plaintiffs have not alleged that they were so deceived, and thus they fatally fail to plead the requisite reliance.  As previously explained, Plaintiffs have failed to alleged exactly how a reasonable consumer was deceived by the Product labels other than speculating as to what might be the case, and whether they shared that view.  Plaintiffs must have relied on the operative misrepresentations at issue in the FAC in order to establish their standing at the pleading phase. *Swearingen v. Pac. Foods of Or., Inc.*, 2014 U.S. Dist. LEXIS 105730 *4-5 (N.D. Cal. July 31, 2014) (collecting cases showing that standing under the CLRA, FAL, and UCL must be adequately alleged, and finding "the complaint fails as a matter of law" because "plaintiffs did not allege the requisite reliance); *Colella v. Atkins Nutritionals, Inc.*, 348 F.Supp.3d 120, 141 (E.D.N.Y. 2018) ("To state a claim under [GBL §§ 349 and 350], Plaintiff must adequately allege … the plaintiff suffered injury as result of the deceptive act.").  Failure to plead such reliance, as is the case here with the new "reasonable consumer" allegations, is fatal to Plaintiffs' claims.

Yet, in the FAC, Plaintiffs only allege, as before, that they were deceived by the "White Chocolate" language on the Products' packaging. FAC, ¶¶ 13-14.  There are no allegations that they saw or were confused by the "Natural Flavor" language on the packaging (despite new allegations that a reasonable consumer would be), as was the case allegedly with some (but not all) "reasonable consumers."  There are no new allegations that they saw third-party bars that contained white chocolate at the time of purchase and relied or incorrectly inferred that the Products contained white chocolate as a result.  Plaintiffs fail to connect the new type of deception with their reliance thereon, requiring rejection of their claims.  *See* FAC, ¶¶ 33, 45-47.

Plaintiffs also justify their failure to plead one coherent, specific theory of deception of the reasonable consumer by arguing in the FAC that all they need to plead for an "unlawful" violation of the UCL is regulatory non-compliance (which they have failed to plead in any event).  FAC, ¶83.  However, this attempt fails because Sections 17203 and 17204 of the UCL require that a plaintiff plead and prove "lost money or property" to have standing to recover restitution or obtain

1   injunctive relief, as Plaintiffs here claim.  Cal. Bus. & Prof. Code §§ 17203, 17204.  The UCL thus

2   requires "a showing of a causal connection or reliance on the alleged misrepresentation," as

3   "reliance is the causal mechanism of fraud." *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 326

4   (2011) (internal cites omitted); *Daro v. Super. Ct.*, 151 Cal.App.4th 1079, 1099 (2007) ("there

5   must be a causal connection between the harm suffered and the unlawful business activity").

6   Whether the term is "Flavor" or "Flavored," the point is, White Chocolate exists as a flavor and

7   not as an ingredient in the Products, so Plaintiffs have not alleged the requisite causal connection

8   between the alleged lack of compliance and any harm suffered by them.

9       **4.**    **The Reasonable Consumer Would Not Be Deceived As A Result Of The Third-Party Bars, As Newly Alleged By Plaintiffs**

10

11       Responding to the discussion in the Order re *Miller v. Ghirardelli Chocolate Co.*, 912

12   F.Supp.2d 861 (N.D. Cal. 2012), Plaintiffs in the FAC identify two third-party products that

13   contain white chocolate and argue that as a result, Clif Bar "can hardly argue that no reasonable

14   consumer could expect to find actual white chocolate in a rolled oat-based nutrition bar, since such

15   a product is indeed already available on the market."  FAC, ¶ 47.  Both the other products and

16   *Miller* are inapposite, however, because there is no "romance language" on the Products'

17   packaging implying that white chocolate was an ingredient and not a flavor (in *Miller*, "White

18   Baking Chips" was juxtaposed with "award-winning chocolate"), and Plaintiffs have not

19   specifically or plausibly alleged that the Products are sold "side-by-side" with products that do

20   contain "real" white chocolate.  Both products identified in the FAC are apparently sold online –

21   there are no plausible allegations that these are sold in supermarket aisles next to the Products.

22   FAC ¶¶ 45-47; FAC Ex. C.  Plaintiffs' allegation that Clif Bar "authorized" the bars to be sold

23   next to each other is meaningless without a good faith factual assertion that they were in fact sold

24   "side-by-side," and that Plaintiffs or some consumer ever observed that to be the case.  There is no

25   such allegation.

26   **D.**    **Plaintiffs Did Not Plead Reasonable or Justifiable Reliance Adequately For Common-Law Or Statutory Fraud**

27

28       In its Order, the Court dismissed the common-law fraud allegations for Plaintiffs' failure to

-13-

1   plead reasonable or justifiable reliance.  Order at 15.  Common law fraud requires reasonable

2   reliance on a misrepresentation.  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49,

3   78 (2013), *citing Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996); *accord Kottler v. Deutsche*

4   *Bank AG*, 607 F.Supp.2d 447, 462 (S.D.N.Y. 2009).  Consumers "seeking to recover damages

5   under the CLRA based on a fraud theory must prove actual reliance on the misrepresentation and

6   harm." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012).

7           All of Plaintiffs' claims sound in fraud, as the Court previously found [Order at 8], but

8   Plaintiffs made no attempt to remedy this situation since the common-law fraud allegations are

9   virtually unchanged.  FAC, ¶¶ 122-125; *see also*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

10  1103 (9th Cir. 2003).  Perhaps Plaintiffs believe they corrected this deficiency elsewhere in the

11  FAC, and incorporated those allegations by reference into the common-law fraud allegations, but

12  in fact they fail to plead reasonable or justifiable reliance anywhere, and with sufficient

13  particularity as previously explained herein.

14  **E.    Plaintiffs' UCL and FAL Claims For Equitable Relief Should Be Dismissed Because
        Plaintiffs Have Pleaded Remedies At Law**

15

16          Plaintiffs seek other equitable relief (such as restitution), but they may not do so given that

17  they are seeking damages.  "[I]t is axiomatic that a court should determine the adequacy of a

18  remedy in law before resorting to equitable relief." *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S.

19  60, 75-76 (1992); *accord, Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996).  Consequently,

20  "a plaintiff seeking equitable relief in California must establish that there is no adequate remedy at

21  law available." *Munning v. Gap, Inc.*, 238 F.Supp.3d 1195, 1203 (N.D. Cal. 2017) (dismissing

22  FAL and UCL claims with prejudice).

23          The Northern District has repeatedly barred claims for equitable relief, including for

24  violations of California consumer protection statutes, at the motion to dismiss stage where

25  plaintiffs have alleged other claims presenting an adequate remedy at law.  *See, e.g., Robinson v.*

26  *J.M. Smucker Co.*, 2019 U.S. Dist. LEXIS 78069 *16-17 (N.D. Cal. May 8, 2019) (dismissing

27  UCL and FAL claims); *Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 U.S. Dist. LEXIS 25381

28  *19-20 (N.D. Cal. Feb. 15, 2019) (dismissing UCL claim); *Mullins v. Premier Nutrition Corp.*,

1    2018 U.S. Dist. LEXIS 10810 *13 (N.D. Cal. Jan 23, 2018) (same); *Moss v. Infinity Ins. Co.*, 197

2    F.Supp.3d 1191, 1203 (N.D. Cal. 2016) (same).  "It matters not that a plaintiff may have no

3    remedy if her other claims fail."  *Rhynes v. Stryker Corp.*, 2011 U.S. Dist. LEXIS 58286, *10

4    (N.D. Cal. May 31, 2011) ("Where the claims pleaded by a plaintiff may entitle her to an adequate

5    remedy at law, equitable relief is unavailable.").

6          All of Plaintiffs' claims are premised on the alleged deceptive labeling of the Products, *i.e.*,

7    that Plaintiffs believe the labels misled them "into believing that the Products contain white

8    chocolate when they do not."  FAC ¶¶ 65 [UCL], 94 [FAL]; *see also,* FAC ¶¶ 74 [CLRA], 101

9    [GBL § 349], 109 [GBL § 349], 120 [GBL §§ 350, 350-a(1)], 124 [Fraud].  Plaintiffs have prayed

10   for damages pursuant to their claims for violation of the CLRA, GBL, and for common law fraud.

11   The UCL and FAL provide for only equitable relief.  *Munning*, 238 F.Supp.3d at 1203.  The

12   equitable claims should be dismissed with prejudice.

13   **IV.    CONCLUSION**

14          For all of the foregoing reasons, the Court respectfully should dismiss the FAC with

15   prejudice.

16

17   Dated:  September 30, 2019

18                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

19

20                     By    _____
                                      */s/ Christopher Van Gundy*
21                                    CHRISTOPHER VAN GUNDY

22                                    Attorneys for Defendant
                                     CLIF BAR & COMPANY, INC.
23

24

25

26

27

28

SMRH:4852-8836-6246.5                              CLIF BAR'S MOTION TO DISMISS
                                                   FIRST AMENDED COMPLAINT